IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-cv-00374-MR

BREANNA REGINA DEZARA MOORE, )
)
      Petitioner, )
)
vs. ) **MEMORANDUM OF**
) **DECISION AND ORDER**
)
LESLIE COOLEY DISMUKES[1], )
Secretary, North Carolina )
Department of Adult Correction, )
)
      Respondent. )
_____)

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on August 10, 2022. [Doc. 1]. Petitioner raises four Constitutional claims in challenging her state court judgment. [Id.]. Also before the Court is Respondent's Motion for Summary Judgment [Doc. 9], to which Petitioner has filed her Response. [Doc. 13].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction, is now the proper respondent.

I.   BACKGROUND

Breanna Regina Dezara Moore ("Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of first-degree murder on May 3, 2019, in the Union County Superior Court, and sentenced the same day to life in prison without the possibility of parole. [Doc. 1 at 2]. Immediately following her sentencing hearing, Petitioner gave oral notice of appeal in open court. [Doc. 1-2 at 1]. The trial court appointed the North Carolina Appellate Defender to represent Petitioner on direct appeal and thereafter made the appropriate appellate entries. [Doc. 10-7 at 169-70].

Within ten days after entry of her criminal judgment, pursuant to N.C. Gen. Stat. § 15A-1414, Petitioner filed a Motion for Appropriate Relief ("MAR") in the trial court on May 13, 2019. [Doc. 10-5]. Petitioner alleged three grounds for relief: (1) the State offered into evidence knowingly false testimony; (2) the trial court precluded Petitioner from putting before the jury a full and complete defense; (3) the trial court impermissibly precluded Petitioner from confronting and cross-examining adverse witnesses. [Id.]. The trial court denied the MAR on June 6, 2019. [Doc. 1 at 4-5; Doc. 1-2 at 1-10]. The Petitioner gave written notice of appeal, on June 13, 2019, to the North Carolina Court of Appeals from the trial court's order denying her MAR. [Doc. 1-3]. The trial court made the appropriate appellate entries. [Doc. 10-7

at 229-30]. The North Carolina Appellate Defender, on June 26, 2019, appointed private counsel to represent Petitioner in both her appeals. [Doc. 10-7 at 231].

On March 2, 2021, the North Carolina Court of Appeals issued its opinion affirming the Petitioner's conviction. [Doc. 1 at 3; Doc. 1-5 at 2-12]. The Petitioner filed a petition for discretionary review in the North Carolina Supreme Court which was denied on August 10, 2021. [Id.; at 3-4; Doc. 1-5 at 1].

The Petitioner filed her Petition for Writ of Habeas Corpus in this Court on August 10, 2022. [Doc. 1]. The Court conducted an initial review of the petition, and on May 11, 2023, ordered Respondent to answer or otherwise respond to the petition. [Doc. 2]. On September 8, 2023, Respondent filed an answer [Doc. 8] to the petition and also filed a motion for summary judgment [Doc. 9]. Petitioner thereafter replied to Respondent's summary judgment motion on October 23, 2023. [Doc. 13]. This matter is now ripe for review.

## II. STANDARD OF REVIEW

A federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to 28 U.S.C. § 2254(a). Habeas relief may be granted to a state prisoner if the state court's last adjudication

of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

## III. DISCUSSION

As grounds for relief, Petitioner alleges four constitutional errors: (Ground One) the trial court violated her right to confront and cross examine her accusers in violation of the Sixth Amendment; (Ground Two) the prosecution presented testimony which it knew or should have known was likely false in violation of the Due Process Clause of the Fourteenth Amendment as prohibited by Napue v. Illinois, 360 U.S. 264 (1959); (Ground Three) the trial court violated the Petitioner's Due Process rights, as prohibited by Chambers v. Mississippi, 410 U.S. 284 (1973), by denying her the opportunity to present a full and fair defense; and (Ground Four) appellate counsel was ineffective, in violation of the Sixth Amendment, for neglecting to raise on appeal all of the preceding issues as the same were presented in Petitioner's MAR to the trial court. [Doc. 1 at 6-12].

4

Respondent contends that Petitioner is entitled to no relief at all as a matter of law. According to Respondent, Petitioner procedurally defaulted her first three grounds. [Doc. 10 at 10]. As for Petitioner's fourth ground, the ineffectiveness of her appellate counsel, Respondent asserts that such claim is unexhausted and otherwise without merit. [Id. at 16]. As such, Respondent argues all Petitioner's claims fail, and her petition should be dismissed. [Id.].

**A.   Exhaustion of Claims and Procedural Default**

The Court must consider the requirements under 28 U.S.C. § 2254(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That section of the AEDPA applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. A federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

5

Case 3:22-cv-00374-MR   Document 14   Filed 07/29/25   Page 5 of 13

Accordingly, under the AEDPA, a petitioner must exhaust her available state remedies – permit the state in the first instance to adjudicate all federal claims on the merits – before she may pursue habeas relief in federal court. 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833 (1997)). Exhaustion thus requires the prisoner to give the state the opportunity to review and correct any alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365-366 (1995). "[T]he prisoner must 'fairly present' his claim in each appropriate state court, thereby alerting that court to the federal nature of the claim. The habeas petitioner must raise his claim before every available state court, including those courts . . . whose review is discretionary." Jones v. Sussex I State Prison, 591 F.3d 707, 712–13 (4th Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)) (internal alterations omitted).

Without the exhaustion requirement, if a defendant convicted in state court fails to identify and pursue a federal constitutional claim on direct appeal or in state post-conviction proceedings, the state court is deprived of the opportunity to evaluate the claim and the defendant thereby abandons

6

the claim "by not following proper state appellate procedure, causing the state courts to rule against him solely on state-law procedural grounds." Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995). Federal habeas review in this circumstance is foreclosed because the state's judgment in such a case is based on an "independent and adequate state ground" since no federal constitutional claim was ever presented to or reviewed by the state. Coleman v. Thompson, 501 U.S. 722, 729–30 (1991).

In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement in one of two ways: (1) by directly appealing her conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review; or (2) by filing a state post-conviction proceeding and then seeking review in the North Carolina Court of Appeals. N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422; and McNeil v. Whitener, 2012 WL 4086510, *5 (E.D.N.C. 2012) (to satisfy the exhaustion requirement, a petitioner must show that "his instant federal claims followed along one of these two tracks to completion of review in the state courts").

All four of Petitioner's claims are unexhausted. Petitioner's first three claims (the MAR claims) are unexhausted because Petitioner did not pursue them in the North Carolina Court of Appeals. Petitioner's fourth claim (ineffectiveness of appellate counsel) is unexhausted because Petitioner has

7

yet to raise this claim in any MAR following her unsuccessful direct appeal. Under the doctrine of procedural default, Petitioner is barred from pursuing in this Court her three MAR claims. The procedural history in Petitioner's case pursuant to North Carolina law makes the foregoing analysis clear.

"A procedural default ... occurs when [1] a habeas petitioner fails to exhaust available remedies and [2] 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.' " Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (quoting Coleman, 501 U.S. at 735 n.1). In this case, Petitioner gave oral notice of appeal following her conviction sustained in the trial court and sought review of various trial errors in the North Carolina Court of Appeals. Petitioner also filed a notice of appeal from the trial court's order denying her MAR but none of the MAR claims were pursued on appeal by Petitioner's appellate counsel. Pursuant to N.C.R. App. P. 28(a), all such MAR claims were therefore abandoned ("The scope of review on appeal is limited to issues so presented in the several briefs. Issues not presented and discussed in a party's brief are deemed abandoned."). If Petitioner were to raise her three defaulted claims in a new MAR, such a successive MAR would be barred by N.C. Gen. Stat. § 15A-1419(a)(2) (MAR should be denied when, upon a previous appeal, the defendant was able to adequately raise

the ground or issue underlying the present motion but did not do so).

Petitioner acknowledges that N.C. Gen. Stat. § 15A-1419(a)(1) also precludes her from filing a successive MAR to resurrect her defaulted claims. [Doc. 13 at 5]. Section 15A-1419(a)(1) provides as follows:

> Upon a previous motion made pursuant to this Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so. This subdivision does not apply when the previous motion was made within 10 days after entry of judgment or the previous motion was made during the pendency of the direct appeal.

Id.; see also, Bacon v. Lee, 225 F.3d 470, 476 (4th Cir. 2000), cert. denied, 532 U.S. 950 (2001) ("We have consistently held that this provision [N.C. Gen. Stat. § 15A–1419(a)(1)] constitutes an independent and adequate state ground that may give rise to procedural default of federal habeas claims.").

While Petitioner's first three claims are procedurally defaulted, she has not exhausted her ineffectiveness of appellate counsel claim which is the linchpin to the State potentially reaching the merits of her three defaulted claims. Section 15A-1419(a)(1) does not preclude Petitioner from filing a successive MAR in state court raising her ineffective assistance of appellate counsel claim. As Petitioner points out, "[a]fter the lapse of her [MAR] appeal, petitioner had no other route for pursuing her appeal of the trial court's order denying her 15A-1414 MAR claims, … but she is not precluded from filing a further motion for relief at this point by virtue of 15A-1419(a)(1)

being inapplicable." Petitioner was not in a position to raise the ineffective assistance of appellate counsel ground in her MAR because her appeal of the order denying her MAR was yet to occur. The successiveness exception, contained in the second sentence of § 15A-1419(a)(1), proves the rule. Accordingly, Petitioner's ineffective assistance of appellate counsel claim is an unexhausted claim that can be pursued in state court under North Carolina law.

The Petitioner should be permitted to pursue her IAC claim regarding her appellate counsel. Respondent disagrees, generally asserting that Petitioner's appellate counsel should be presumed to have acted competently just by filing a brief on Petitioner's behalf. [Doc. 10 at 37 ("In this case Petitioner's counsel filed a merits brief with the North Carolina Court of Appeals, which raises the presumption of competence."). Appellate counsel in Petitioner's case, however, not only failed to raise any of Petitioner's MAR claims on appeal, but she also failed even to mention Petitioner's MAR in the procedural history [Doc. 10-8 at 12], in the grounds for appellate review [Id.], or anywhere else in her opening brief. [Id., *passim*].

The State should be provided the opportunity in the first instance to address the merits of Petitioner's unexhausted IAC claim and whether appellate counsel's ineffectiveness, if any, supplies the necessary cause and

prejudice permitting the State to examine the merits of Petitioner's defaulted claims as well. Ineffective assistance of appellate counsel may serve as cause to excuse a procedural default in some instances, but "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

The Court is thus presented with a "mixed petition," that is, one which includes both exhausted and unexhausted grounds for relief. In Rose v. Lundy, 455 U.S. 509, 522 (1982), the Supreme Court held that "mixed" habeas petitions cannot be adjudicated. And while the Supreme Court later held, in Rhines v. Weber, 544 U.S. 269 (2005), that the federal district courts may stay a § 2254 proceeding, hold it in abeyance, and direct the petitioner to pursue her unexhausted claims in state court, district courts are not required to do so. See, e.g., Bonneau v. LaManna, No. 18CIV2228CSAEK, 2023 WL 5526717, at *6 (S.D.N.Y. Aug. 27, 2023) (observing that courts confronted with habeas petitions asserting unexhausted claims have declined to stay the proceedings to allow petitioners to exhaust their claims in state court so as to avoid turning the federal court into a "jurisdictional parking lot for unexhausted claims and undermin[ing] the comity interests

promoted by the exhaustion requirement"). Given the potential interplay of Petitioner's unexhausted claim with her three exhausted claims, the Court, in its discretion, will dismiss Petitioner's action without prejudice to provide her the opportunity to exhaust her IAC claim regarding appellate counsel in state court.

## III. CONCLUSION

The Petitioner's first three claims are procedurally defaulted and the Petitioner's final claim is unexhausted. The Court, therefore, will dismiss the mixed petition without prejudice and deny Respondent's summary judgment motion as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** without prejudice.

2. The Respondent's Motion to for Summary Judgment [Doc. 9] is **DENIED** as moot.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

4. The Clerk of Court is respectfully requested to substitute Leslie Cooley Dismukes as the Respondent in this action.

**IT IS SO ORDERED.**

Signed: July 29, 2025

Martin Reidinger
Chief United States District Judge